

FILED
SEP 27 2013
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION

KENNETH R. FLAUM, Individually,

    Plaintiff,

vs.

Case No. 4:13CV127

HILLSIDE CINEMA, L.L.C., an inactive
Virginia Corporation, MAHMOOD
KALANTAR, Individually and BELINDA
KALANTARZADEH, Individually,

    Defendants.
_____/

## COMPLAINT

Plaintiff, KENNETH R. FLAUM, Individually, on his behalf and on behalf of all other mobility impaired individuals similarly situated, (sometimes referred to as "Plaintiff"), hereby sues the Defendants, HILLSIDE CINEMA, L.L.C., an inactive Virginia Corporation, MAHMOOD KALANTAR, Individually and BELINDA KALANTARZADEH, Individually, (sometimes referred to as "Defendants"), for Injunctive Relief, attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA"), and damages pursuant to Virginia law and states as follows:

### JURISDICTION AND PARTIES

1. Plaintiff, Kenneth R. Flaum, is an individual residing in Gloucester, VA, in the County of Gloucester.

2. Defendants' property, HILLSIDE CINEMA, is located at 7321 John Clayton Memorial Highway, Gloucester, VA 23061, in the County of Gloucester.

3. Venue is properly located in the EASTERN District of VIRGINIA because venue

lies in the judicial district of the property situs. The Defendants' property is located in and does business within this judicial district.

4. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendants' violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. § 2201 and § 2202.

5. Plaintiff Kenneth R. Flaum is a Virginia resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA. Mr. Flaum has a service connected disability and has been evaluated at 100% disabled. Mr. Flaum has back fusions, has rheumatoid arthritis, and had two hip replacements, and uses the aid of a scooter for mobility. Mr. Flaum is totally and permanently disabled due to his service connected disabilities, and he is substantially limited in performing one or more major life activities, including walking. Kenneth R. Flaum has visited the property which forms the basis of this lawsuit and plans to return to the property to avail himself of the goods and services offered to the public at this property. The Plaintiff has encountered architectural barriers at the subject property, which have limited his access to the Defendants' property, and to the goods, services, facilities, privileges, and advantages offered at Defendants' property, and have impaired his ability to park at Defendants' facility, to view the movies, to reach the sales and service counters, and to use the restroom facilities. The ADA violations and barriers to access at the property are more specifically set forth in this Complaint.

## COUNT I

## (VIOLATION OF TITLE III OF THE ADA)
## (INJUNCTIVE RELIEF DEMANDED)

6. The allegations set forth in paragraphs 1-5 above are incorporated by reference as if fully set forth herein.

7. Defendants own, lease, lease to, or operate a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendants are responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendants own, operate, lease or lease to is known as Hillside Cinema, and is located at 7321 John Clayton Memorial Highway, Gloucester, VA 23061, in the County of Gloucester..

8. Kenneth R. Flaum has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to the property as described but not necessarily limited to the allegations in paragraph 10 of this Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant. Kenneth R. Flaum desires to visit Hillside Cinema not only to avail himself of the goods and services available at this property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

9. The Defendants have discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

10. The Defendants have discriminated, and are continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, <u>inter alia</u>, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendants have 10 or fewer employees and gross receipts of $500,000 or less). The preliminary inspections of the Hillside Cinema has shown that violations exist. These violations personally encountered by Kenneth R. Flaum include, but are not limited to:

**<u>Parking and Accessible Routes</u>**

a. In this parking facility, there are an insufficient number of spaces designated for disabled use, violating Section 208.2 of the 2010 ADA Standards for Accessible Design.

b. The disabled use parking spaces that are provided at this facility are not located on the shortest accessible route to the accessible entrances as required in Section 208.3.1 of the 2010 ADA Standards for Accessible Design.

c. The disabled use spaces and/or access aisles contain slopes or cross slopes in excess of 1:48 contrary to the requirements of Section 502.4 of the 2010 ADA Standards for Accessible Design.

d. The signs designating the disabled use spaces are not posted at sufficient heights, in violation of Section 502.6 of the 2010 ADA Standards for Accessible Design.

e. There are no disabled use parking spaces designated as "van accessible" violating Sections 208.2.4 and 502.6 of the 2010 ADA Standards for Accessible Design.

f. There are curb ramps at the facility contain excessive slopes, side slopes or cross slopes in violation of Sections 405.2 and 405.3 of the 2010 ADA Standards for Accessible Design.

g. The clear width of doors to the facility are less than the minimums in Section 404.2.3 of the 2010 ADA Standards for Accessible Design.

h. There are doors at this facility that lack the maneuvering clearances required in Section 404.2.4 of the 2010 ADA Standards for Accessible Design.

### Access to Goods and Services

    a.    There are permanently designated interior and exterior spaces without the signage required in Sections 216 of the 2010 ADA Standards for Accessible Design.

    b.    The signs that are provided at this facility do not comply with the requirements of Section 703 of the 2010 ADA Standards for Accessible Design.

    c.    There are sales and service counters throughout the facility that do not comply with the requirements of Sections 227.3 and 904.4 of the 2010 ADA Standards for Accessible Design.

    e.    There are elements at this facility that are not within the reach ranges required by Section 308 of the 2010 ADA Standards for Accessible Design.

    f.    The viewing areas provided for mobility impaired persons do not comply with the provisions of sections 221 and 802 of the 2010 Standards for Accessible Design.

### Public Restrooms

There are numerous barriers to accessibility in the restrooms including but not limited to insufficient stall size (4.17.3 of the 1991 Standard and 604.3.1 of the 2010 Standard) and insufficient floor space and knee clearance at the lavatory (4.19.3 and 4.19.2 of the 1991 Standards and 606.2 and 606.3 of the 2010 Standards).

    11.    The discriminatory violations described in paragraph 10 are not an exclusive list of the Defendants' ADA violations. Plaintiff requires the inspection of the Defendants' place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendants' building and its facilities, and have otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations, as set forth above. The individual Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided

by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

12. Defendants have discriminated against the individual by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendants continue to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

13. Plaintiff is without adequate remedy at law and is suffering irreparable harm. Considering the balance of hardships between the Plaintiff and Defendants, a remedy in equity is warranted. Furthermore, the public interest would not be disserved by a permanent injunction. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

14. Defendants are required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendants' place of public accommodation since January 26,

1992, then the Defendants are required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendants' facility is that which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendants' facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

15. Notice to Defendants is not required as a result of the Defendants' failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendants has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendants.

16. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendants to alter the Hillside Cinema to make that facility readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA, or by closing the facility until such time as the Defendants cure its violations of the ADA.

## COUNT II
## VIRGINIA STATE CLAIM (DAMAGES)

17. Plaintiff re-alleges and incorporates into this cause of action each and every allegation contained in the previous paragraphs numbered 1 through 16 of this Complaint.

18. Defendants' property is a place of public accommodation under Section 51.5-44 of the Code of Virginia.

19. The architectural barriers and other accessibility barriers institute an ongoing act

of discrimination against the Plaintiff as a person with a disability in violation of Section 51.5-44 of the Code of Virginia.

20. As a direct and proximate result of Defendants' intentional and negligent failure to remove its barriers to access, Plaintiff has been denied access and his civil rights have been violated.

21. Consequently, the Plaintiff seeks monetary damages from the Defendants pursuant to Section 51.5-46 of Code of Virginia for the discrimination he has experienced and continues to experience.

**WHEREFORE,** Plaintiff respectfully requests:

a. The Court issue a Declaratory Judgment that determines that the Defendants at the commencement of the subject lawsuit are in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

b. Injunctive relief against the Defendants including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

c. An award of attorney's fees, costs and litigation expenses pursuant to 42

U.S.C. § 12205, and such other relief as the Court deems necessary, just and proper.

    d.    The Court issue a Declaratory Judgment that the Defendants have violated The Virginians With Disabilities Act and award Plaintiff monetary damages from the Defendants pursuant to Section 51.5-46 of the Code of Virginia.

Respectfully submitted,

Date: 9/25/13

Reed S. Tolber, Esq.
Virginia Bar No. 66015
Attorney for Kenneth R. Flaum, Plaintiff
THE LAW OFFICES OF REED STEWART TOLBER P.A.
P.O. Box 5264
Charlottesville, VA 22905
(434) 295-6659
(434) 295-0816 - Facsimile
reedtolber@gmail.com
-and-
Lawrence A. Fuller, Esq.
*pro hac vice pending*
Attorney for Kenneth R. Flaum, Plaintiff
FULLER, FULLER & ASSOCIATES, P.A.
12000 Biscayne Blvd., Suite 609
North Miami, FL 33181
(305) 891-5199
(305) 893-9505 - Facsimile
lfuller@fullerfuller.com